UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN JOHNSON,<br><br>              Plaintiff,<br><br>     v.<br><br>JEFF LYNCH, et al.,<br><br>              Defendants. | No.  2:21-cv-01841 DB P<br><br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his Eighth Amendment rights through deliberate indifference to dangerous conditions of plaintiff's confinement.  Presently before the court is plaintiff's complaint for screening (ECF No. 1) and plaintiff's motion to proceed in forma pauperis (ECF No. 2).  For the reasons set forth below, plaintiff's motion to proceed in forma pauperis is granted and the complaint is dismissed with leave to amend.

////

////

////

////

////

////

////

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.  Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See

3

1  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

## III. Allegations in the Complaint

Plaintiff states that, at all relevant times, he was a prisoner at California State Prison, Sacramento ("SAC"). (ECF No. 1 at 1.) Plaintiff names Warden Jeff Lynch and Associate Warden J. Peterson as defendants. (Id. at 2.) Defendant also names four "Doe" defendants: CSP Captain John Doe, CSP Sergeant John Doe, CSP Plant Operations Manager John Doe, and CSP Chief Deputy Warden John Doe. (Id. at 2-3.)

The complaint contains the following allegations: On December 19, 2019, plaintiff was released from his cell by the CSP control tower so that plaintiff could receive medication. (Id. at 4.) After exiting the cell, plaintiff slipped on a "puddle of water" and fell. (Id.) As a result, plaintiff injured his ankle and back, causing him ongoing pain. (Id.) Following filing an inmate appeal, Supervisor of Building Trades ("SBT") P. Leffel informed plaintiff that "there were structure deficiencies in the roofing that required repairing and that a work order was written/generated and commenced on 1-28-20 to address the deficiencies." (Id. at 5.) At an

unspecified later date, Lt. Hayme, who was assigned to review plaintiff's second level appeal, interviewed Leffel who inspected the roof membrane and determined there were signs of leaks. (Id. at 6.)  Hayme ensured there was a work order in place to address the issue and told plaintiff that "they ([SAC] prison officials) were aware of the defective roofing; that plans were already enacted to address replacing all…the roofs." (Id. at 6.)

Plaintiff claims that defendants knew or should have known that there were defects in the roof causing leaks.  Plaintiff further alleges that defendant's "failure to take any preventative and/or precautionary action to prevent and/or mitigate the possibility of impending danger…constituted deliberate indifference." (Id. 7-10.)

### IV. Does Plaintiff State a Claim under § 1983?

#### A. Legal Standard - Unsafe Conditions of Confinement

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

To state a claim under the Eighth Amendment for inhumane or unsafe conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010).  "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835.  Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Lemire v. Calif. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1078 (citing

1  Thomas, 611 F.3d at 1150). "[A]n official's failure to alleviate a significant risk that he should
2  have perceived but did not, while no cause for commendation, cannot under our cases be
3  condemned as the infliction of punishment." Farmer, 511 U.S. at 838.  Instead, a defendant must
4  have knowledge of risk to be deliberately indifferent. Id. at 838-40.  The obviousness of a risk
5  can be used to help establish defendant's knowledge but it is not conclusive. Id. at 843.

### 1. Analysis

Plaintiff has failed to allege sufficient facts to state an Eighth Amendment deliberate indifference claim against defendants.  Specifically, plaintiff has failed to allege any facts which satisfy the knowledge requirement to state such a claim.

In the complaint, plaintiff alleges that defendant knew or should have known that there were leaks in the roof which resulted in pooling water below.  That defendants should have known a risk existed cannot be used establish deliberate indifference by defendants. Farmer, 511 U.S. at 838.

Plaintiff's claim that defendants knew of a risk to plaintiff's safety existed seems to be solely based on a statement from SBT Laffel that a report had found defects in the roof and Lt. Hayme's claim that SAC officials were aware of defects in the roof and had a plan in place to fix it. (ECF No. 1 at 5-6.)  Neither of these allegations establish that defendants had knowledge of a risk of harm to plaintiff prior to plaintiff's injury.  Plaintiff claims that the report Laffel referenced that found "structure deficiencies in the roofing" was written on December 28, 2020. (Id. at 5.)  This is after plaintiff's injury had already taken place on December 19, 2019. (Id. at 4.)  Lt. Hayme's statement to plaintiff was made at an even later date during plaintiff's second level appeal and occurred after Hayme had interviewed Laffel about the state of the roof. (Id. at 5-6.)  These allegations only serve to show that defendants may have been aware of the defective roof and leak after plaintiff was already injured.  They do not appear to indicate knowledge at the time of plaintiff's injury.  Thus, plaintiff has not alleged facts that satisfy the knowledge requirement for defendants to have been deliberately indifferent. Farmer, 511 U.S. at 835.

The complaint does not contain any allegations which could establish defendant's knowledge of a risk of injury to plaintiff prior to his injury.  As such, plaintiff has not alleged

sufficient facts to state an Eighth Amendment deliberate indifference claim. The complaint will be dismissed.

It is possible that in an amended complaint, plaintiff may be able to state a claim. Accordingly, plaintiff will be given leave to file an amended complaint. If he chooses to do so, he must be sure that any amended complaint complies with the rules below.

## AMENDING THE COMPLAINT

As set forth above, plaintiff has failed to allege sufficient facts to state a claim. However, plaintiff will be given the opportunity to file an amended complaint. If plaintiff files an amended complaint, any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

////

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: April 15, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB:1/Orders/Prisoner/Civil.Rights/S/john1841.scrn