UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JEFF LYNCH, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-01841 DB P<br><br><br>ORDER |

Plaintiff, an inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff claims defendants violated his Eighth Amendment rights through deliberate indifference to dangerous conditions of plaintiff's confinement.  Presently before the court is plaintiff's First Amended Complaint ("FAC") for screening.  (ECF No. 11.)  For the reasons set forth below, plaintiff's FAC is dismissed with leave to amend.

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2 U.S.C. § 1915A(b)(1) & (2).

3      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8 pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
9 the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
10 showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
11 the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
12 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13      However, in order to survive dismissal for failure to state a claim a complaint must
14 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
15 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
16 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
17 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
19 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20      The Civil Rights Act under which this action was filed provides as follows:

21         Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
22         of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
23         or other proper proceeding for redress.

24 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
25 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
26 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
27 person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
28 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Linkage Requirement**

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 676.

**III.    Allegations in the FAC**

Plaintiff states that, at all relevant times, he was a prisoner at California State Prison, Sacramento ("SAC"). (ECF No. 11 at 1.) Plaintiff names as defendants SAC Warden Jeff Lynch, SAC Associate Warden J. Peterson, SAC Captain John Doe I, SAC Sergeant John Doe II,

////

SAC Plant Operations Manager John Doe III, and SAC Chief Deputy Warden John Doe IV. (Id. at 2-3.)

The FAC contains the following allegations: On December 19, 2019, plaintiff slipped in a puddle of water, twisted his ankle, and fell to the floor. (Id. at 4.) Registered Nurse J Joby saw plaintiff for his injuries and provided plaintiff with temporary crutches, an ice pack, and Motrin. (Id. at 4-5.) Plaintiff submitted an inmate grievance regarding the incident and learned that the puddle was due to a leak caused by structural deficiencies in the roofing. (Id. at 5.) While being interviewed by SAC Lieutenant Hayme in connection with this grievance, Lt. Hayme informed plaintiff that "[SAC prison officials] were aware of the defective roofing; that plans were already enacted to address replacing…the roofs; and that there [was] a state budget already set aside to complete replacing all of the roofs." (Id. at 6.) Defendant John Doe II also informed plaintiff of the issues with the roof "approximately one to two weeks" prior to the December 19, 2019 incident. (Id. at 6-7.) Defendant Doe II also told plaintiff that a work order had been put in to repair the roof. (Id. at 7.)

Plaintiff claims that the defendants were deliberately indifferent to a risk to plaintiff's safety. Plaintiff seeks relief in the form of an unstated amount of compensatory and punitive damages. (Id. at 26.)

**IV.   Does Plaintiff State a Claim under § 1983?**

**A. Legal Standard - Unsafe Conditions of Confinement**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

To state a claim under the Eighth Amendment for inhumane or unsafe conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a

substantial risk of harm to his health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010). "Deliberate indifference describes a state of mind more blameworthy than negligence" but is satisfied by something "less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835. Plaintiff must demonstrate first that the seriousness of the risk was obvious or provide other circumstantial evidence that defendants were aware of the substantial risk to his health, and second that there was no reasonable justification for exposing him to that risk. Lemire v. Calif. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1078 (citing Thomas, 611 F.3d at 1150). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, 511 U.S. at 838. Instead, a defendant must have knowledge of risk to be deliberately indifferent. Id. at 838-40. The obviousness of a risk can be used to help establish defendant's knowledge but it is not conclusive. Id. at 843.

**B. Analysis**

Plaintiff has failed to allege sufficient facts to state an Eighth Amendment deliberate indifference claim against defendants. Plaintiff has not alleged facts that establish defendants had the requisite knowledge to state such a claim. Plaintiff claims that each of the defendants either knew or should have known that there were issues with the roof and that these issues presented a risk of harm to plaintiff. However, this allegation appears to rest solely on the grounds that defendants knew that there were leaks in the roof. (See e.g., ECF No. 11 at 9.) Plaintiff was purportedly injured due to slipping in a puddle on the floor. That defendants knew there were leaks in the roofs of multiple buildings does not suggest they were aware of this puddle or any puddles which could present a risk of harm to the plaintiff. See Farmer, 511 U.S. at 835.

////
////
////
////
////

Further, with the exception of defendant Doe II[1], plaintiff's claims against the defendants rest entirely on plaintiff's inferences that the defendants were aware of the dangerous conditions because defendant Doe II told the plaintiff there was a work order in place to fix the roofs.  (ECF No. 12.)  In the absence of any supporting factual allegations, this is far too speculative to support a claim that these defendants knew about the leaks in the roof, let alone the severity of those leaks or the risks that they posed to inmate safety.

Given the above, plaintiff's factual allegations are too speculative and conclusory to state a cognizable claim.  However, as plaintiff may still be able to state a cognizable claim, he will be given the opportunity to file an amended complaint.

## AMENDING THE COMPLAINT

As set forth above, plaintiff has failed to allege sufficient facts to state a claim.  However, plaintiff will be given the opportunity to file an amended complaint.  If plaintiff files an amended complaint, any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

---

[1] Plaintiff claims that defendant Doe II said he was aware of the roof leaks and that a work order was in place to fix them.  (ECF No. 11 at 6-7.)  This is an allegation that could serve to establish knowledge of the leaks.  However, as discussed above, this does not establish that defendant Doe II was aware of any puddles which could present a risk of harm to the plaintiff or any other inmate.  (Id.)

contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////
////
////
////
////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's First Amended Complaint (ECF No. 11) is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  December 22, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/john1841.scrn_lta(2)