1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JULIAN JOHNSON,                          No.  2:21-cv-01841 DB P

12                   Plaintiff,

13         v.                                  ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14    JEFF LYNCH, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §

18    1983.  Plaintiff alleges an Eighth Amendment violation arising out of a slip and fall incident in

19    December 2019.  Before the court is plaintiff's second amended complaint for screening (ECF

20    No. 15).  For the reasons set forth below, the undersigned will recommend that the second

21    amended complaint be dismissed without leave to amend.

22    I.       **Legal Standards for Civil Rights Complaints**

23         The court is required to screen complaints brought by prisoners seeking relief against a

24    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

25    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

26    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

27    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

28    U.S.C. § 1915A(b)(1) & (2).

                                               1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658, 692 (1978); Rizzo v. Goode, 423 U.S. 362, 371 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2

## II.     Allegations of the Second Amended Complaint

Plaintiff is incarcerated at Mule Creek State Prison.  The alleged events giving rise to this action took place at California State Prison, Sacramento ("CSP-SAC").  In his original complaint and first amended complaint, plaintiff named CSP-SAC's warden and associate warden as defendants, along with two "John Doe" defendants.  (ECF Nos. 1 and 11.)  The second amended complaint lists only one defendant, identified as "Sergeant John Doe."  (ECF No. 15 at 1.)

The second amended complaint alleges that on December 19, 2019, plaintiff slipped in a puddle of water on a walkway, fell, and injured himself.  (Id. at 3.)  He received treatment for his injuries, which he claims required him to use crutches for two weeks. (Id. at 3–4.)  Plaintiff attributes the puddles to leaks caused by "defective roofing," and claims that CSP-SAC staff have acknowledged the existence of these defects and the need to repair them.  (Id. at 5.)

Plaintiff further claims that one to two weeks before his fall, he lodged a verbal complaint regarding puddles of water on his building's floors with "Sergeant Doe."  (Id.)  This officer is presumably defendant "Sergeant John Doe."  Plaintiff expressed concerns that guards and inmates would slip in the puddles and injure themselves.  (Id. at 7.)  Defendant allegedly told plaintiff that he had witnessed at least two puddles, that he was aware of problems with the roof, and that prison officials were "working on it."  (Id. at 6.)  According to plaintiff, defendant then asked plaintiff to show him the puddles that were the subject of his complaint, and stated he would place trashcans to collect the leaking water and prevent it from entering cells.  (Id. at 6–7.)  However, plaintiff states that defendant did not take any subsequent measures, such as blocking off affected areas, employing caution signs, or using trashcans to collect the water.  (Id. at 7.)  After plaintiff's injury, defendant allegedly "told plaintiff that he saw water dripping from the roof near plaintiff's cell onto the floor, but it wasn't nearly as much as it was when he did his routine security walk… that day."  (Id. at 9.)

Plaintiff blames defendant's alleged inaction for his injury.  (Id. at 7.)  The second amended complaint includes only one count under the Eighth Amendment, though he also asks the court to exercise "pendant jurisdiction in this matter so that both negligence and deliberate indifference claims can be addressed in this action."  (Id. at 9.)

3

1   **III.    Does Plaintiff State Claims Cognizable under § 1983?**

2        **A. Legal Standard – Eighth Amendment**

3        The Eighth Amendment prohibits "cruel and unusual punishments."  Farmer v. Brennan,

4   511 U.S. 825, 832 (1994).  To show that defendant's alleged inaction violated his Eighth

5   Amendment rights, plaintiff must show he faced a "substantial risk of serious harm" and that a

6   defendant "disregard[ed] that risk by failing to take reasonable measures to abate it."  Id. at 847.

7   He must also show that prison officials were "deliberately indifferent" to those risks.  Id. at 834;

8   Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  Under this standard, "[a] prison official

9   must 'be aware of facts from which the inference could be drawn that a substantial risk of serious

10   harm exists, and . . . must also draw the inference.'"  Labatad v. Corr. Corp. of Am., 714 F.3d

11   1155, 1160 (9th Cir. 2013) (quoting Farmer, 511 U.S. at 837) (alteration in original).  Deliberate

12   indifference requires a higher showing than negligence.  Edmo v. Corizon, Inc., 949 F.3d 489,

13   495 (9th Cir. 2020) (Mem).

14        To this end, "'slippery prison floors . . . do not state even an arguable claim for cruel and

15   unusual punishment.'"  Coleman v. Frauenheim, No. 1:17–cv–01276 DAD BAM (PC), 2018 WL

16   2047043, at *3 (E.D. Cal. May 2, 2018) (quoting LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.

17   1993)).  However, "the Ninth Circuit Court of Appeals has held that '[s]lippery floors without

18   protective measures could create a sufficient danger to warrant relief' where the plaintiff has

19   some known exacerbating condition."  Pauley v. California, No. 2:18-cv-2595 KJN P, 2018 WL

20   5920780, at *5 (E.D. Cal. Nov. 13, 2018) (quoting Agnos, 152 F.3d at 1129)) (alteration in

21   original).

22        **B. Analysis**

23        Plaintiff has failed to plead an actionable Eighth Amendment violation.  As an initial

24   matter, plaintiff has identified defendant John Doe in each of his filings, but has been unable to

25   produce his actual name.  (ECF No. 1 at 6; ECF No. 11 at 6; ECF No. 15 at 5–7.)  As a result, it

26   remains impossible for defendant to be served and directed to answer plaintiff's charges.

27   Montgomery v. Wong, 2:20-cv-1515 DB P, 2021 WL 1907161, at *4 (E.D. Cal. May 12, 2021).

28   ////

Even if plaintiff could name defendant, plaintiff has pleaded negligence, not deliberate indifference.  "[I]n order state a cognizable claim for relief, there must be a confluence of exacerbating conditions such that the slippery floor posed a serious, unavoidable threat to plaintiff's safety."  Coleman, 2018 WL 2047043, at *3.  Absent these circumstances, a prisoner pleads "negligence at most."  Id. at *4.  Because plaintiff has not alleged "some known exacerbating condition" that interfered with his ability to detect the puddles and avoid injury, he has not sufficiently pleaded an Eighth Amendment claim.  Pauley, 2018 WL 5920780, at *5; see Mancinas v. Brown, No. 2:16–cv–2806 EFB P, 2018 WL 1109673, at *2 (E.D. Cal. Mar. 1, 2018) (dismissing complaint because there were "no exacerbating circumstances that could elevate [plaintiff's] simple [slip-and-fall] negligence claim into a federal cause of action."); Coleman, 2018 WL 2047043, at *3 (dismissing complaint because plaintiff had "not pled any conditions that rendered him unable to provide for his own safety in the sense that they precluded him from avoiding the puddles or rendered him unable to perceive the slippery conditions.").

The pleadings also fail to establish that defendant possessed the requisite state of mind. Plaintiff states that he told defendant that "something should be done about the water…so staff or inmates don't slip and fall on it."  (ECF No. 15 at 7.)  Defendant allegedly replied, "Yeah, we'll get some trash cans to catch the water so it doesn't start leaking into the cells."  (Id.)  By plaintiff's own account, defendant was more concerned about water entering cells than about preventing slips and falls in the common areas. These pleadings show that defendant was aware of some puddles on the walkways and perhaps a danger to inmates if water entered their cells, but not that he subjectively recognized and consciously ignored a risk to plaintiff's safety in the common areas.

Finally, defendant's failure to warn plaintiff about the puddle outside his cell on the day he fell does not establish that defendant purposefully ignored a known risk to plaintiff's safety.  It is not clear from the pleadings whether defendant saw water dripping onto the floor near plaintiff's cell before or after plaintiff's fall.  Even assuming defendant saw it before plaintiff's fall, he told plaintiff that the puddle was not as substantial as it had been earlier in the day.  This statement indicates that he did not perceive the puddle to be a risk to plaintiff because of its size

1  and because it appeared to be shrinking.  Defendant also knew from their previous conversation

2  that plaintiff was aware of puddles in the building, the safety risks they posed, and the need to use

3  caution in the common areas, including the walkway outside his cell.

4          Accordingly, plaintiff has failed to plead a cognizable Eighth Amendment claim.  To the

5  extent plaintiff intended to bring a state tort claim for negligence, the court lacks supplemental

6  jurisdiction over that claim because he has not pleaded an actionable federal claim.  28 U.S.C. §

7  1343(a), (c)(3).

8          **C. No Leave to Amend**

9          "A district court should not dismiss a pro se complaint without leave to amend unless 'it is

10  absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Rosati

11  v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting Akhtar v. Mesa, 698 F.3d 1202, 1212

12  (9th Cir. 2012)). This court finds that amendment would be futile because, as discussed above,

13  plaintiff has been unable to identify Sergeant Doe's actual name, making it impossible for

14  defendant to be served and directed to answer plaintiff's charges.  Furthermore, it is clear that

15  plaintiff is unable to state a claim for relief arising from his December 2019 fall.  Across three

16  separate pleading documents, he has argued that defendant should have known that the leaking

17  roof and resulting puddles posed a risk to his safety, but has failed to allege facts that indicate

18  defendant subjectively knew of the risk.  (See ECF No. 8 at 6–7; ECF No. 12 at 5–6.)  Allowing

19  him to amend his complaint for a third time therefore appears futile.  As such, this court finds it

20  appropriate to decline to grant leave to amend.  See Newland v. Dalton, 81 F.3d 904, 907 (9th

21  Cir. 1996) ("While Fed. R. Civ. P. 15(a) encourages leave to amend, district courts need not

22  accommodate futile amendments."); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir.

23  1996) (denial of leave to amend is not an abuse of discretion where further amendment would

24  be futile).

25  ////

26  ////

27  ////

28  ////

**CONCLUSION**

For the foregoing reasons, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case.

Further, IT IS RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 5, 2023

DLB: 15
DB/DB Prisoner Inbox/Civil Rights/S/john1841.scrn

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

7